SHAUNA N. CORREIA (CA BAR 232410)
JESSICA CORPUZ (CA BAR 279237)
RYAN ABERNETHY (CA BAR 267538)
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
475 Sansome St., Suite 510
San Francisco, CA 94111
Telephone: (415)772-9655
scorreia@weintraub.com
jcorpuz@weintraub.com
rabernethy@weintraub.com

*Attorneys for Plaintiff Parcel Pending, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| PARCEL PENDING, INC. | Case No.: |
| Plaintiff, | JURY TRIAL DEMANDED FRCP 38(b)(1) |
| v. | |
| RYAN JOHANIDES, | **VERIFIED COMPLAINT** |
| Defendant. | |

{3201970.DOCX:4}

Plaintiff Parcel Pending, Inc. (hereinafter "Parcel Pending" or "Plaintiff") by and through its undersigned counsel, for their Complaint against Ryan Johanides ("Johanides" or "Defendant"), upon knowledge with respect to its own acts and upon information and belief as to other matters, alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This action arises under a federal law, specifically 18 U.S.C. § 1836 and 18 U.S.C. § 1030.

2.    Venue is proper pursuant to either 28 U.S.C. § 1391(b)(1), (b)(2), or (b)(3). Under § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." As discussed below, Defendant resides in this District. Venue is also proper in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As noted below, Defendant's wrongful conduct took place in Orange County, California, where Defendant is based, such that Defendant violated multiple California laws.

3.    Plaintiff demands a trial by jury of all issues triable to a jury except for the request for injunctive relief. FRCP 38(b)(1).

## PARTIES

4.    Parcel Pending is a California corporation with its principal place of business located in Irvine, California. Parcel Pending is qualified by the California Secretary of State to do business within the State of California and operates offices in Irvine, California as well as a warehouse in Lake Forest, California.

5.     Ryan Johanides is an individual who resides in and is a domiciliary of Orange County, California.   Johanides is a former employee of Parcel Pending.

## NATURE OF THE ACTION

6.     This is an action to compel the return of sensitive and proprietary data and company-owned equipment that wrongfully remains the possession of Johanides after he abruptly resigned from employment.   Informal requests have been ignored and efforts to retrieve the information and equipment have been refused.

7.     Plaintiff Parcel Pending was founded in 2013 as a locally owned business by now-former CEO Lori Torres, and quickly grew to become North America's leading provider of smart electronic locker systems.  It was acquired by Quadient SA (formerly Neopost) in 2019. It has approximately 140 employees.  Parcel Pending has sold and installed parcel lockers systems throughout the United States and Canada, commercially, as well as in universities and in multi-and single-family residential installations, in various configurations customizable to meet customers' needs.   Parcel Pending lockers receive and store over two million parcels per month.  Couriers deliver packages to secure locker locations using a special courier access code to electronically open the locker and insert the package. Package recipients receive a notification through Parcel Pending's software, and receive a single-use code to electronically open the locker to retrieve their packages.

///

///

///

8.    Parcel Pending's business success depends on its ability to grow its business with its existing customer base as well as attracting new customers through technologically innovative products, superior customer service, and well-curated relationships with its suppliers and manufacturers.    Parcel Pending's field service work includes installation of lockers as well as maintenance and repairs, both via long-term master service and warranty contracts with its customers.

9.    Parcel Pending's warehouse in Lake Forest, California, where Ryan Johanides worked, provides parts and equipment, and serves as a hub for providing assembled lockers to its customers.

10.    Parcel Pending's customer base consists of three primary types: (1) commercial (large and small retailers, shopping centers and grocery stores), (2) universities, and (3) multi-family residential housing owners.

11.    Due to the technologically innovative nature of its services and the products it sells, Parcel Pending takes special care to safeguard its proprietary confidential and trade secret information, including nonpublic financial information, detailed non-public information regarding its customer relationships (including internal contact information, purchase history, needs and preferences, special pricing, revenues and profits generated), as well as Parcel Pending's sales, lease, and service contracts, and its business and marketing strategies.

12.    Johanides is a former employee of Parcel Pending, who worked as a computer analysis and had elevated access to certain of Parcel Pending's databases.  When asked to attend a meeting to discuss coworker complaints about his alleged workplace bullying

and alleged computer "hacking" threats, he abruptly resigned without notice on June 18, 2021, taking Parcel Pending's computer equipment (two laptop computers) and confidential data with him. Despite repeated requests, Johanides has refused to return the equipment or data.

13.    Defendant has violated his contractual obligations, the federal Defend Trade Secrets Act and Computer Fraud and Abuse Act, California common law, and has caused and will continue to cause Plaintiff to suffer irreparable harm, including the need to respond to an apparent security threat that would, if acted upon, interfere with Parcel Pending's contracts and relations with customers and destroy any value inherent in Plaintiff' proprietary trade secret information.  Plaintiff therefore seeks an injunction that, among other things, would require the immediate return of Plaintiff's equipment and information, would bar the Defendant from using or disclosing Plaintiff's information for the malicious activities he has threatened, and bar him from violating the contractual obligations he owes to Plaintiff, including a covenant of confidentiality and nondisclosure. Plaintiff additionally seeks monetary damages in an amount exceeding the jurisdictional limits of this Court.

## **FACTUAL ALLEGATIONS**

14.    Johanides was employed by of Parcel Pending beginning February 10, 2020 as a Senior Inventory Analyst, in the Lake Forest warehouse.    As an Inventory Analyst, Johanides was responsible to analyze metrics and data regarding the supply of products and parts from manufacturer to customer, in order to help build efficiencies, allocate resources, optimize inventory

replenishment strategies, and forecast future sales and inventory needs.

15.    As part of his role, he was granted administrative access to proprietary databases, including but not limited to Parcel Pending's inventory management database, a customer-management database, and Amazon Web Services S3 production database; to the surveillance camera system at the warehouse; to Parcel Pending's accounting software, QuickBooks; two versions of backend operating systems for lockers, and to separate portal call PMD for all windows locker systems, and user-level access to Parcel Pending's Virtual Private Network (VPN).

16.    Due to the nature of his role, when he began employment with Parcel Pending as a Senior Inventory Analyst on or around February 10, 2020, he signed an "AGREEMENT FOR DISCLOSURE AND ASSIGNMENT OF CONTRIBUTIONS AND INVENTIONS, CONFIDENTIALITY, AND NON-DISPARAGEMENT" (the "Agreement").

17.    Section 2 of the Agreement, titled "Confidential Information and Confidentiality", broadly defines "Confidential Information" as follows:

[A]ll information of a confidential or proprietary nature, whether oral or written, tangible or intangible, machine readable or in other form, relating to the business, potential business, products, manufacturing processes, customer information, marketing methods, promotions, employee compensation, leasing, and/or prospects of Parcel Pending and/or its subsidiaries or affiliates. Without limiting the foregoing, and in addition, "Confidential Information" includes, but is not be limited to, any and all trade secrets, knowhow, technical information, financial information, pricing plans and strategies, marketing plans and strategies, research, reports, processes, plans, engineering, designs, production samples, prototypes or other documents or items

embodying the same, relating to Parcel Pending, whether or not the Employee learned, observed, or has or had access to such Confidential Information before, during, or after Employee's employment with Parcel Pending, whether or not a third party could, through the expenditure of some effort or resources, learn the information, except to the extent Employee can prove that such information was or is readily accessible, general, and public knowledge through no effort or neglect of Employee. Confidential Information also includes all information of a confidential or proprietary nature that is disclosed to Parcel Pending in confidence by a third party, including, but not limited to, any existing or potential supplier or customer.

18.   The Agreement further requires that Johanides "shall, at all times both during and after Employee's employment at Parcel Pending, preserve and hold any and all Confidential Information in confidence, …to not use, disclose, or permit the use or disclosure of Confidential Information to anyone outside Parcel Pending," and that he "shall not directly or through others use, disclose, or permit the use of disclosure of Confidential Information by or to [his] prospective or subsequent employer."

19.   The Agreement contains additional obligations that triggered once his employment at Parcel Pending ended, including that he shall: not "disclose, seek to discovery or acquire, or use any Confidential Information obtained during employment at Parcel Pending for [your] own benefit or the benefit of anyone else"; shall cease any use of Confidential Information; shall return all such Confidential Information and copies to Parcel Pending, as well as any notes, extracts, summaries or copies thereof; shall immediately cease the use of and return to Parcel Pending [his] Parcel Pending-issued laptop and other Parcel Pending devices and property, and "further

shall immediately cease access to or use of any Parcel Pending customer relations management system, internal website, intranet, other Parcel Pending maintained databases, and any documents or files downloaded, printed, or accessible from such sources."

20.    Parcel Pending's customer relationship management system stores non-public information regarding its customers and target customers, including purchase history, installed locker systems, future needs and specifications, proprietary and special pricing; Parcel Pending's equipment sale, equipment lease, and service contracts; product engineering designs and specifications.

21.    Parcel Pending uses QuickBooks software as its financial accounting software.

22.    Plaintiff's Confidential Information is competitively sensitive and, were it to fall into the hands of a competitor, would cause great damage to Plaintiff's business.  Due to the technologically innovative nature of its services and the products it sells, Parcel Pending takes special care to safeguard its "Confidential Information" – including, without limitation, trade secret information and Parcel Pending's financial information.  These safeguards include strictly limiting access to the information through password protection, segregating information on various shared network drives and systems and providing permission-based access to those employees who need to use the information within the course and scope of their duties, confidentiality agreements by which Parcel Pending employees, including Defendant, agree to abide, and controlled access to Parcel Pending's offices and warehouse.

///

23.    Due to Johandes' position at Parcel Pending with responsibility for inventory database management and analysis, he was provided with administrator-level access and passwords and was permitted to access Plaintiff' Confidential Information, but only for the limited purpose of using such information as part of his duties. Johanides had access to the information on the laptops issued to him and the hard drive on which he cloned databases belonging to Parcel pending because, as a Senior Inventory Analyst, his job duties necessitated access in order to engage in analysis, inventory management, reporting, and special projects.

24.    In the course of his employment, Johanides has represented that he is proficient in software editing programs including Visual Basic for Applications (VBA), Linux (an open-source operating system), HTML5 (a markup language used by software developers for structuring and presenting content on the internet), JavaScript (a programming language), Powershell (a task automation and configuration management framework used to automate batch processes and create customized system management tools), and other sophisticated computer software programs.

25.    In addition to his analyst duties during his employment, Johanides expressed to his supervisors that he was interested in, and had taken classes to gain aptitude with, software programming. Johanides was tasked with a special project to begin migrating Parcel Pending's data over to Quadient, its parent company, as the two companies completed their merger.  He was given access to Quadient's File Transfer Protocol (FTP) sites, SharePoint, for this

purpose.  At one point, he requested a higher level of access but was denied, as it was unnecessary to his tasks.  Johanides told coworkers that he had cloned one or more of Parcel Pending's databases, including but not limited to Parcel Pending's inventory management database, a customer-management database, and Amazon Web Services S3 production database, on to a personal external hard drive, which he took home with him, although this is prohibited by company policy.

26.  Parcel Pending protects the confidentiality of this information through the use of, among other things, password-Confidential networks and systems and confidentiality policies and agreements, described in more detail below, that were communicated to Johanides, and to which he acknowledged that he was bound.

27.  On or around June 17, 2021, Plaintiff received complaints from two of Johanides' coworkers.  The first complainant, who works in the IT department, stated that Johanides was bullying him; specifically, Johanides had, using the warehouse surveillance camera system, remotely observed the coworker when he was in the warehouse conducting testing, took screenshots of the video footage, and sent them to the coworker stating that Johanides was watching the coworker. Johanides had also told the coworker that Johanides was going to make the entire IT department obsolete. Johanides also asserted that he had figured out how to run his own code on Parcel Pending's locker systems.  In the second complaint, another coworker, who also works in the IT department, stated that Johanides had bragged that he "had more control over the back

end" of Parcel Pending's database than the IT director.  He stated that he had cloned Plaintiff's VPN to capture other employees' passwords and any other data they transmitted if they logged onto the cloned VPN instead of the official one.  He also stated that he had access to the CEO's email account, and could, if he wanted, send an email out as if he were her.  He also showed the coworker some computer equipment he had purchased one day, bringing it to work in his backpack, that he referred to as "hacking" equipment. The coworker described the equipment as equipment made by software engineers who conduct penetration testing on systems to test vulnerabilities. This was not a part of Johanides' duties.  Johanides reportedly told the coworker that he could "hack into" this coworker's home surveillance equipment and watch him inside his home.

28.    It was also reported that Johanides, without being asked to do so, had reactivated the dormant warehouse video surveillance camera system (it was not in use because it was not needed), and began using it to observe coworkers in the warehouse.   He occasionally sent screenshots to coworkers of themselves working, unaware of his surveilling them, with captions such as "peek a boo".

29.    On June 18, 2021, Plaintiff scheduled a meeting between its Human Resources Director, Gabrielle Deamos, and the Vice President, Supply Chain, James Chung, to interview Johanides in connection with the coworker complaints.  Johanides was asked to go to headquarters for this meeting in Irvine. Mr. Chung is not Johanides' direct supervisor, but has been the person in charge of Johanides' special projects including the data migration to Quadient's SAP.

30.    When Johanides learned he was scheduled for a meeting, he texted Mr. Chung and stated that he was not coming to a meeting – he was going to quit before they could fire him.  Efforts to reach Johanides the remainder of the day were unsuccessful and he did not show up at headquarters or return to work at the warehouse.

31.    On June 18, 2021, Gabrielle Deamos called Johanides to ask him to arrange to return his company-owned equipment, including two (2) Parcel Pending computers, a Surface Pro laptop and a MacBook, which he has refused to return.  She also reminded Johanides of his obligations not to use or disclose company trade secrets and confidential information under the agreement he signed at the outset of his employment.  Johanides did not return the call.

32.    On June 21, 2021, Parcel Pending sent an email with an attached letter to Johanides stating that a courier would be delivering his final paycheck, and retrieving the company equipment and data in his possession, and reminding him of his obligations not to use or disclose company trade secrets and confidential information under the agreement he signed at the outset of his employment. Shortly after receipt, Johanides sent a response email, admitting he had "elevated" access to Parcel Pending's database but denying that he had cloned the Parcel Pending database(s) and denying that he could send emails as Ms. Torres; but ignoring the request for the return of company information and equipment.

///

///

///

///

33.    Parcel Pending sent a courier to Johanides' home with his final paycheck, and advised Johanides in advance that this person was authorized to pick up the company equipment.  Nobody answered the door and the front gate was locked although Johanides' car was in the driveway.

34.    On June 21, 2021, Parcel Pending sent a follow up letter to Johanides enclosing his final paycheck by Federal Express, and demanding the return of company equipment.  Although Johanides cashed his paycheck, he did not respond to this letter. He also failed to respond to the follow up email sent on June 29, 2021, requesting that he identify three days and times when the equipment could be retrieved that week.  He has not been heard from since and has not returned the equipment, documents, or data in his possession.

35.    During his employment with Parcel Pending, Johanides owed fiduciary duties of loyalty to Parcel Pending under California law, and he was subject to internal Parcel Pending policies that were designed for the protection and safeguarding of Parcel Pending's confidential and trade secret information, set forth in an employee handbook referred to as the "Team Member Handbook" ("Handbook") and the above-referenced Agreement. Johanides most recently signed acknowledgements agreeing to the terms of the Handbook on or around February 10, 2020.

36.    At all times during his employment with Parcel Pending, Johanides was obligated to protect, safeguard, and not share, transmit, or otherwise use confidential or propriety trade secret information belonging to the Company, except in the fulfillment of

their work for the Company, or at the express direction of the Company. In particular, the Handbook reads in part:

> The Company considers its confidential and proprietary information, including the confidential and proprietary information of our customers, to be one of its most valuable assets. As a result, Team Members must carefully protect and must not disclose to any third party all confidential and proprietary information belonging to the Company or its customers. Such Confidential information includes, but is not limited to, the following: matters of a technical nature, such as computer software, product sources, product research and designs; and matters of a business nature, such as customer lists, customer contact information, Team Member information, on-site program and support materials, candidate and recruit lists and information, personnel information, placement information, pricing lists, training programs, contracts, sales reports, sales, financial and marketing data, systems, forms, methods, procedures, and analyses, and any other proprietary information, whether communicated orally or in documentary, computerized or other tangible form, concerning the Company's or its customers' operations and business.

37.    The Handbook affirmatively states Parcel Pending owns its electronic devices, communication and information, and sets forth further employee obligations as follows:

- "Team Members must remember that property supplied by the Company remains the property of the Company."

- Team Members must not attempt to override or evade any program or measure installed by the Company to protect the security or limit the use of its Network and Electronic Resources."

- "The Company does not permit its non-management Team Members to access or use any Company password, e-mail or internet access other than their own."

- "All Company property must be returned on the last day of employment, or sooner as directed, including, but not limited to, keys, credit cards, security cards, computer disks, tools, computer and Handbooks, and any copies or reproductions of any Company property."

38.    Further, consistent with the duty of loyalty Johanides owed to Parcel Pending, the Handbook prohibited conflicts of interests detrimental to the Company:

> "The Company expects Team Members to devote their full work time, energies, abilities, and attention to Company business. Team Members are expected to avoid situations that create an actual or potential conflict between their own personal interests and the interests of the Company. Some examples of the more common conflicts that should be avoided include, but are not limited to: …
> • Using proprietary or confidential Company information for personal gain or to the Company's detriment."

39.    Finally, the Employee Handbook described the following activities that constitute prohibited conduction which "may result in discipline, up to and including dismissal":

- Stealing, misappropriating, or intentionally damaging property belonging to the Company or its customers or Team Members;

- Unauthorized use of the Company's or its clients' … equipment, … or property;

- Failure to cooperate with an internal investigation, including, but not limited to, investigations of violations of these work rules;

- Failure to maintain the confidentiality of trade secrets or other confidential information belonging to the Company or its customers.

### URGENT RELIEF REQUIRED TO AVOID IRREPARABLE HARM TO THE BUSINESS OF PARCEL PENDING

40.    Parcel Pending first learned that Johanides had "cloned" one or more of Parcel Pending's database(s) containing confidential and trade secret information onto a personal hard drive on June 17, 2021, and could before Parcel Pending could interview Johanides about this and other alleged security breaches, violations of the Handbook, and violations of the Agreement, he resigned and,

since then, has failed and refused to return the two company-owned laptop computers or the database "clone" he allegedly created and stored on an external hard drive.  Because he remains in possession of the laptops containing company trade secrets and the device used to create the cloned database(s), Plaintiff is powerless to prevent him from disclosing, selling, using, manipulating or making additional copies of the database(s) without immediate intervention. Plaintiff's investigation continues.

41.    Given the extent of Defendant's misappropriation of Plaintiff's Confidential Information so far, the nature of the Confidential Information, violation of his contractual obligations to Plaintiff, and personal threats to Parcel Pending employees, monetary relief would not be sufficient to make Plaintiff whole.

42.    The success of Parcel Pending's business model depends on the quality of the experience, both in products and services, that it sells to its clients.  Parcel Pending provides high-caliber service by, among other things, maintaining highly confidential, competitively sensitive information about the effectiveness of its products as used by its clients.   The Confidential Information misappropriated by Defendant includes historical sales and revenue information for all of its clients going back to 2013, confidential prices and specifications quoted by Parcel Pending to its customers, quotes issued by Parcel Pending to its customers for custom equipment and software packages, and other competitively sensitive information.

///

///

///

43.    Further, this information is not publicly available, possesses independent economic value, and provides Plaintiff with a competitive advantage. Plaintiff has invested years, hundreds of thousands of dollars, and immense time and effort in developing and compiling the Confidential Information. It is impossible to calculate the value of the customer, manufacturer, and vendor goodwill that stands to be irreparably harmed by the disclosure and use of such information.

44.    Plaintiff therefore takes appropriate and reasonable steps to protect the confidentiality of this information. These steps include, but are not limited to, employing password-Confidential systems and networks, granting permission-based access on a need-to-know basis, maintaining and publishing to employees an Employee Handbook, having employees such as Johanides sign the Agreement, and maintaining confidentiality agreements with its vendors and manufacturers.

45.    In addition, Defendant's threats and actions thus far have already had their intended effect to create fear for personal safety, privacy and security among Parcel Pending's employees, and, if acted upon, will undoubtedly interfere with the goodwill and customer relationships of Plaintiff in derogation of the contractual obligations owed to Plaintiff by Johanides and, if not stopped, threaten to irretrievably interfere with these relationships and other relationships and cause further irreparable harm to Plaintiff.

46.    Accordingly, Parcel Pending requires urgent injunctive relief to prevent Defendants from inflicting further irreversible harm to its business.

**FIRST CLAIM FOR RELIEF**
**Breach of Fiduciary Duty of Loyalty**

47.    Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

48.    Under California law, an employee, as an agent, owes a fiduciary duty of loyalty to his or her employer, as a principal.

49.    An employee breaches the duty of loyalty when, unbeknownst to his or her employer, he or she acts against the interests of the employer for the benefit of another or for their own personal gain.

50.    Before resigning from Parcel Pending, Johanides took a number of actions for the benefit of himself, and directly against the interests of Plaintiff.  For example, as set forth above, Johanides while employed, created a copy of one or more of Parcel Pending's databases, including but not limited to Parcel Pending's inventory management database, a customer-management database, and Amazon Web Services S3 production database, on to a personal device, used warehouse surveillance cameras to spy on and engage in abusive conduct against coworkers, and clone Parcel Pending's VPN to gain access to passwords and other employees' emails.

51.    As such, Johanides is liable for breach of his fiduciary duties and duty of loyalty to Parcel Pending.

52.    As a direct and proximate result of these breaches, Parcel Pending has sustained and will incur further damages including, but not limited to, damages reflecting lost business, lost profits, and damage to its goodwill, in amounts to be proven at trial. Parcel Pending has also suffered and will continue to suffer immediate

and irreparable harm and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

53.    The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Parcel Pending to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

**SECOND CLAIM FOR RELIEF**
**Violation of the Defend Trade Secrets Act, 18**
**U.S.C. §§ 1836,** *et seq.*

54.    Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

55.    The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et. seq*, prohibits persons from misappropriating trade secrets either by acquiring another's trade secrets with knowledge that it was acquired by improper means or by using another's trade secret without consent.

56.    Plaintiff's confidential and proprietary financial, business and customer information derive substantial, independent economic value from not being generally known to the public or Plaintiff's competitors, who could obtain economic value from the information.

57.    Plaintiff has made reasonable and good faith efforts to safeguard and keep their business information confidential, in large part because of the economic value this information would have in the hands of its competitors.

58.    As a result of his employment and position of trust he held with Parcel Pending, Johanides was given access to Plaintiff's valuable trade secrets, including but not limited to pricing

information, customer lists, past purchase information, terms of the sales, lease and servicing contracts with customers including special pricing; Parcel Pending's proprietary software code and programming; among other things. These documents and information are unique to Parcel Pending and are not commonly known or available to the public.

59. Johanides has taken confidential and proprietary Confidential information from Plaintiff, knowing that he was forbidden from doing so, and has threatened to use this information to harm Parcel Pending, including, specifically, to send emails on behalf of the CEO, to steal employees' personal information using a cloned VPN, and to observe employees surreptitiously.

60. Upon information and belief, Defendant has used Plaintiff' trade secrets and confidential information to Plaintiff's detriment, and to his benefit, without Plaintiff's consent.

61. Defendant knew or had reason to know that his conduct was likely to harm Plaintiff as he refused to return the laptops and information after repeatedly being advised that he was obligated to do so, both contractually and legally.

62. Accordingly, Defendant has violated the DTSA.

63. As a direct and proximate result of Defendant's violations of the DTSA, Plaintiff has sustained and will continued to sustain irreparable injury, the damages from which cannot now be calculated.

64. Defendant's conduct entitles Plaintiff to an injunction based on actual and threatened misappropriation as set forth in 18 U.S.C. § 1836(b)(3)(A)(i).

65.   Plaintiff requests that the Court take affirmative action to protect its trade secrets, as set forth in 18 U.S.C. § 1836(b)(2)(A)(i) by ordering the delivery, to the Court, all of the devices containing trade secret materials (the Microsoft Surface, the MacBook, and the external hard drive) and that the devices not be accessed or modified prior to delivery to the court, or, alternatively, seizure of Plaintiff's devices and the trade secrets in Defendant's possession.

66.   Plaintiff requests that the Court take affirmative action to protect its trade secrets, as set forth in 18 U.S.C. § 1836(b)(3)(A)(ii), including by ordering the inspection of Defendant's computers, electronic storage devices, email accounts, cloud-based storage accounts, and call and message history to determine the extent to which trade secrets were wrongfully taken, used, and/or disseminated to others.

67.   Defendant's misappropriation of Plaintiff's trade secrets entitles Plaintiff to monetary damages, fees, and costs, as provided in 18 U.S.C. § 1836(b)(3)(B).   Plaintiff is also entitled to recover for Defendant's unjust enrichment.

68.   Defendant's misappropriation of Plaintiff' trade secrets was willful and malicious and was undertaken for the purpose of harming Plaintiff.   Plaintiff therefore seeks exemplary and punitive damages was set forth in 18 U.S.C. § 1836(b)(3)(C).

### THIRD CLAIM FOR RELIEF
### Misappropriation of Confidential and
### Proprietary Information

69.   Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

{3201970.DOCX:4}                    21                    Verified Complaint

70.    In connection with the performance of his duties on behalf of Parcel Pending, Johanides, had access to confidential and proprietary information rightfully belonging to Plaintiff, including without limitation, the Confidential Information.

71.    Johanides took Plaintiff's confidential and proprietary Confidential information, knowing that he was forbidden from doing so, and has refused to return it.

72.    Defendant wrongfully misappropriated Plaintiff's confidential and proprietary information for his own economic benefit, or for malicious purposes to cause harm to Plaintiff, to the economic detriment of Plaintiff.

73.    As a direct and proximate result of Defendant's misappropriation, Plaintiff have sustained and will continued to sustain irreparable injury, the damages from which cannot now be calculated.

74.    Defendant's conduct entitles Plaintiff to an injunction based on actual and threatened misappropriation.

75.    Plaintiff requests that the Court take affirmative action to protect its confidential information, including by ordering the inspection of Defendant's computers, electronic storage devices, email accounts, cloud-based storage accounts, the external hard drive, and call and message history to determine the extent to which of Plaintiff's confidential information was wrongfully taken, used, manipulated, and/or disseminated to others.

///

///

///

76.    Defendant's misappropriation of Plaintiff's confidential information was willful and malicious and was undertaken for the purpose of harming Plaintiff.  Plaintiff therefore seeks exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF
### Breach of Contract

77.    Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

78.    Parcel Pending and Johanides are parties to the Agreement.  Parcel Pending has performed all conditions, covenants, and promised required on its part to be performed in accordance with the terms and conditions of the Agreement.

79.    Upon information and belief, while still employed at Parcel Pending, Johanides cloned Plaintiff's database containing Confidential Information to his own personal external hard drive without Plaintiff's permission.  After his employment ended, Johanides stole the company laptops in his possession, and refused to return them.   He also has workpapers, reports, analytics, and other documents on the laptops containing Confidential Information.

80.    In doing so, Johanides breached the terms of the Agreement.

81.    As a direct and proximate result of the foregoing breaches, Plaintiff has suffered, and will continue to suffer irreparable harm and damages in an amount to be proven at trial, including lost profits, loss of customers and loss of future business opportunities and goodwill.

///

82.    In addition to monetary damages, the terms of the Agreement also entitle Plaintiff to injunctive relief to prevent imminent and irreparable harm in the future for which Plaintiff has no adequate remedy at law, and to attorneys' fees and costs incurred in enforcing the Agreement's terms and pursuing damages for its breach.

## FIFTH CLAIM FOR RELIEF
## Computer Fraud and Abuse Act (18 U.S.C. § 1030)

83.    Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

84.    Pursuant to Parcel Pending policy, as set forth in the Employee Handbook, Johanides was authorized to access Parcel Pending's computer systems and electronic information solely for the purpose of conducting Company business and were not permitted to use, disclose, distribute electronic information, including information belonging to third parties or employees, outside the Company for any other purposes.

85.    Upon information and belief, Johanides knowingly and intentionally accessed Parcel Pending's "Confidential computers" as defined at 18 U.S.C. § 1030(e)(2) in excess of the authorization granted by Parcel Pending in violation of 18 U.S.C. § 1030(a)(2)(C), including by utilizing the warehouse surveillance system to watch, and send disturbing videos to employees and by accessing Plaintiff' Confidential computers in order to copy transfer Plaintiff' Confidential Information, including its trade secrets, to a personal hard drive.  By this conduct, Johanides intentionally accessed Plaintiff' Confidential computers in violation of Company policies, the Agreement, and his common law obligations to Parcel Pending.

86.    In response to learning of Johanides' unauthorized access Plaintiff was compelled to investigate using internal and external resources to determine the nature and extent of the unauthorized access and the damage that may have been or may in the future be caused thereby.  The investigation and remediation continue to utilize significant resources, including the cost of an attorney investigation, forensic examination and the time and attention of senior executives.

87.    As a result of the unauthorized access, Defendant caused Parcel Pending to suffer a "loss" as defined in 18 U.S.C. § 1030(e)(11) in an amount that continues to accrue, to be determined at trial.

88.    As a result of the unauthorized access, Defendant has caused Plaintiff to suffer immediate, substantial and irreparable harm for which there is no adequate remedy at law.  Plaintiff requests injunctive relief pursuant to 18 U.S.C. § 1030(g).

<u>**SIXTH CAUSE OF ACTION**</u>
<u>**(Conversion)**</u>

89.    Plaintiff repeats and re-alleges each of the foregoing allegations as if fully contained herein.

90.    At all times herein mentioned, Parcel Pending was and still is the owner, entitled to possession of certain personal property including the Trade Secrets and confidential proprietary information referenced above, to which Johanides had access during his employment with Parcel Pending.

91.    Parcel Pending is informed and believes, and thereon alleges, that between approximately February 10, 2020 and June 18, 2021, Johanides took the above-referenced Trade Secrets and

confidential proprietary information from Parcel Pending's possession, and converted the same to their own use and benefit. Parcel Pending is informed and believes, and thereon alleges, that on or about June 18, 2021, Johanides stole two company computers in his possession, a Microsoft Surface and a 15-inch MacBook Air.

92.    Parcel Pending has demanded the immediate return of the Trade Secrets and confidential proprietary information, but Johanides ignored the request and claimed that he does not have a "cloned" copy of Parcel Pending's databases.

93.    As a direct and proximate result of Defendant's conversion, Parcel Pending has suffered injury and harm in an amount according to proof but in excess of the minimum jurisdiction of this Court.

94.    Between the time of Defendant's conversion of the above-referenced property to his own use and the filing of this action, Parcel Pending has expended time and money in suit of the converted property and to make itself whole from the conversion, all to Parcel Pending further damage in accordance with proof.

95.    The aforementioned acts of Defendant were willful and malicious and justify an award of punitive damages in an amount sufficient to punish said Defendant and to deter future conduct of this type.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter an Order preliminarily and permanently enjoining Defendant from accessing, using, disclosing, disseminating or otherwise misappropriating any of Plaintiff's Confidential Information;

2. Enter an Order requiring Defendant to turn over any computers, devices, and/or electronic accounts used by Defendant to a third party of Plaintiff's choice to forensically examine such devices and accounts to identify any of Plaintiff' information stored on such devices or accounts;

3. Enter an Order requiring Defendant, after completion of the forensic examination, to permit the forensic expert to permanently delete and destroy any of Plaintiff's information, including all paper and electronic versions, in Defendant's possession, custody, or control.

4. Enter an Order that Defendant return Plaintiff's computers and other devices in his possession, custody or control.

5. Enter judgment in favor of Plaintiff awarding compensatory and consequential damages in an amount to be proven at trial, plus interest.

6. Award exemplary and punitive damages to Plaintiff

7. Award attorneys' fees and costs to Plaintiff.

8. Grant in favor of Plaintiff other and further relief, at law or in equity, as the Court deems just and proper.

Dated: July 6, 2021

WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN

/s/ Shauna N. Correia
Shauna N. Correia
(CA Bar No. 232410)
475 Sansome St., Suite 510
San Francisco, CA 94111
Telephone: (415)772-9655
scorreia@weintraub.com
Attorneys for Plaintiff Parcel
Pending, Inc.

**VERIFICATION**

I, Stephanie Bachman, declare as follows:

1. I am the General Counsel, Technology and Legal Operations at Quadient NA, parent company of the Plaintiff, Parcel Pending, Inc., its wholly owned subsidiary.

2. I have reviewed the attached Complaint.

3. I know or believe that the allegations that I have personal knowledge of are true, and if called upon to testify I would competently testify as to the matters stated herein.

4. As to the allegations herein that I do not have personal knowledge of, I believe them to be true based on my investigation and review of documentation and pertinent witness testimony.

I verify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  28 USC 1746.

Executed on July 6, 2021

_____

Stephanie Bachman