SHAUNA N. CORREIA (CA BAR 232410)
JESSICA CORPUZ (CA BAR 279237)
RYAN ABERNETHY (CA BAR 267538)
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
475 Sansome St., Suite 510
San Francisco, CA 94111
Telephone: (415)772-9655
scorreia@weintraub.com
jcorpuz@weintraub.com
rabernethy@weintraub.com

*Attorneys for Plaintiff Parcel Pending, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| PARCEL PENDING, INC. | Case No.: 8:21-cv-01165-CJC-JDE |
| Plaintiff, | **STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER** |
| v. | |
| RYAN JOHANIDES, | |
| Defendant. | |
| | Complaint Filed: July 6, 2021 |

{3272711.DOCX:}                                1

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

Plaintiff Parcel Pending, Inc. ("Parcel Pending" or "Plaintiff") and Defendant Ryan Johanides ("Johanides" or "Defendant") stipulate and agree as follows:

1.      On July 6, 2021, Plaintiff filed a Verified Complaint for injunctive relief and damages against Defendant.  (*See* Compl. ECF No. 1.)  On July 16, 2021, Plaintiff filed an Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.  (*See* ECF No. 19.)  Defendant did not oppose the application.

2.      On July 22, 2021, the Court issued an Order Granting in Substantial Part Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (see, ECF No. 22) and a Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue (see, ECF No. 23).

3.      A hearing was held on the Order To Show Cause Why a Preliminary Injunction Should Not Issue on August 11, 2021.  Plaintiff appeared at the hearing through its counsel of record.  Defendant personally appeared at the hearing.  The Court extended the Temporary Restraining Order until September 3, 2021 and ordered Plaintiff to file a status report no later than August 31, 2021. (*See* ECF No. 26, 27.)

4.      At the hearing, the parties entered a stipulation into the record, as follows:

a.      Defendant turned over to Plaintiff a HP Surface laptop which was provided by Plaintiff to Defendant during Defendant's employment with Plaintiff;

b.      Defendant agreed to conduct a thorough search of his home and car to locate a 15-inch Macbook Pro laptop provided by Plaintiff in connection with Defendant's employment, and further agreed to conduct a thorough search of his home and car to determine whether he was in possession of any other property or confidential information belonging to Plaintiff;

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

c.     If Defendant located the 15-inch Macbook Pro laptop (and/or any other property or confidential information belonging to Plaintiff), he would arrange for Plaintiff to send a courier to his home on or before August 18, 2021 to take possession of such items and/or information;

d.     Defendant represented, under penalty of perjury, that he had not accessed, utilized, disseminated, used, copied, transmitted, or published any of Plaintiff's data, information, records, files, or emails containing Plaintiff's confidential information or trade secrets, (including but not limed to Plaintiff's customer information, Plaintiff's confidential financial information, and nonpublic information about Plaintiff's prototypes, models, vendors, and manufacturers), and the personal data of Plaintiff's employees;

e.     Defendant represented, under penalty of perjury, that he would not in the future utilize, disseminate, use, copy, transmit, or publish any of Plaintiff's data, information, records, files, or emails containing Plaintiff's confidential information or trade secrets, (including but not limed to Plaintiff's customer information, Plaintiff's confidential financial information, and nonpublic information about Plaintiff's prototypes, models, vendors, and manufacturers), and the personal data of Plaintiff's employees;

f.     Defendant represented, under penalty of perjury, that he had not destroyed, concealed, eliminated, or otherwise taken any action to delete or destroy Plaintiff's confidential trade secrets and the personal data of its employees;

g.     Defendant represented, under penalty of perjury, that he would not in the future destroy, conceal, eliminate, or otherwise taken any action to delete or destroy Plaintiff's confidential trade secrets and the personal data of its employees;

h.     Defendant represented, under penalty of perjury, that he had not violated his confidentiality and nondisclosure agreement, Confidentiality and

Proprietary Information and Network and Electronic Resources Policies, or his duties of loyalty and other obligations to Plaintiff;

i.    Defendant represented, under penalty of perjury, that he would not in the future violate his confidentiality and nondisclosure agreement, Confidentiality and Proprietary Information and Network and Electronic Resources Policies, or his duties of loyalty and other obligations to Plaintiff;

j.    Defendant represented, under penalty of perjury, that he did not copy, "clone," transmit, publish, or otherwise disseminate any of Plaintiff's proprietary databases, before or after his employment with Plaintiff ended; and

k.    Defendant represented, under penalty of perjury, that he did not access any of Plaintiff's confidential information or trade secrets through any means, including via any VPN or any employee's access credentials or passwords, since the date his employment with Plaintiff ended.

5.    On August 17, 2021, Defendant contacted counsel for Plaintiffs to arrange the turnover of the 15-inch Macbook Pro laptop, including its case and charger.  On August 18, 2021, Defendant turned over the laptop, case, and charger to a representative of Plaintiff.

6.    Thereafter, the parties entered into a confidential Settlement Agreement, without Defendant's admission of liability for any of the claims asserted in the Action.  A material condition of the Settlement Agreement was Defendant's consent to entry of this judgment.

7.    Defendant acknowledges and agrees that Plaintiff has reasonably incurred attorney's fees and costs of approximately $52,000 and expert costs of $2,277.18 to date, in connection with this action.  Defendant specifically agrees that, if the Court finds that he has violated the terms of the parties' Settlement Agreement or this Consent Judgment and Permanent Injunction Order, he will pay Plaintiff all of its attorney's fees and costs incurred by Plaintiff in this action, including but not limited to the amounts incurred to date.

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8    Page 17 of 22

8.     This Court has subject-matter and personal jurisdiction over Defendant.

9.     Without admitting liability, Defendant nevertheless wishes to resolve this matter and they hereby consent to entry of judgment in the above-captioned case and entry of the following Permanent Injunction Order against him.  Plaintiff desires to resolve its claims without further litigation.

10.     Entry of this Consent Judgment and Permanent Injunction Order will resolve this civil action and the claims raised in the Verified Complaint.

11.     The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

12.     The Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. Defendant waives the right to appeal from this judgment and will bear his respective costs, including any attorney's fees or other expenses of this litigation.

13.     This Court should retain jurisdiction over this matter for the purpose of implementing and enforcing the Permanent Injunction Order.  If Defendant violates the Permanent Injunction Order they may be subject to civil and criminal sanctions for contempt of court.

14.     Unless defined in this Stipulation and Permanent Injunction Order, capitalized terms shall contain the same meaning as defined by the parties in their Settlement Agreement. For purposes of this Stipulation and Permanent Injunction Order, the parties agree that "Confidential Information" means all information of a confidential or proprietary nature, whether oral or written, tangible or intangible, machine readable or in other form, relating to the business, potential business, products, manufacturing processes, customer information (such as Parcel Pending's customer and target customer lists, preferences, order history, contact information and pricing), marketing methods, promotions, Defendant compensation, leasing, and/or prospects of Parcel

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

Pending and/or its subsidiaries or affiliates. Without limiting the foregoing, and in addition, "Confidential Information" includes, but is not be limited to, any and all trade secrets, knowhow, technical information, financial information and reports, customer contracts, sales reports, sales history, pricing plans and strategies, marketing plans and strategies, research, reports, processes, plans, engineering, product designs, production samples, prototypes or other documents or items embodying the same, relating to Parcel Pending; Parcel Pending's employee (Team Member) information, on-site program and support materials, candidate and recruit lists and information, personnel information, placement information; which Defendant learned, observed, or had access to such Confidential Information during Defendant's employment with Parcel Pending, or that he accessed after his termination of employment through use or access to Parcel Pending's software systems, Parcel Pending devices or Parcel Pending's intangible property in his possession, except to the extent Defendant can prove that such information was or is readily accessible, generally available, common and/or public knowledge through no wrongful or unlawful effort or neglect of Defendant. Confidential Information also includes all information of a confidential or proprietary nature that Defendant learned or accessed during his employment that was disclosed to Parcel Pending in confidence by a third party, including, but not limited to, any existing or potential supplier or customer.

15.    For purposes of this Stipulation and Permanent Injunction Order, the parties agree that "Confidential Information" includes information accessible to or created while Defendant was employed by Plaintiff, treated as confidential, and subject to reasonable safeguards to limit access to the information, except that Confidential Information will not include information that is publicly available without breach of any agreement or which is disclosed by a third party that has a right to disclose such information (i.e., without breach of any agreement or violation of law by the third party). The parties agree that certain documents or

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

1   materials include and/or shall be treated as Confidential Information provided
2   that such documents or materials have not been made publicly available without
3   breach of any agreement or which is disclosed by a third party that has a right to
4   disclose such information.

5       16.    The Parties agree that the following documents or materials include
6   and/or shall be treated as Confidential Information: the information described in
7   the Declaration of Stephanie Bachman, filed under seal in support of the Plaintiff's
8   Temporary Restraining Order (Dkt. No. 14).

9       17.    "Trade Secret" shall mean information, including, without limitation,
10  a formula, pattern, compilation, program, device, method, technique, product,
11  system, process, design, prototype, procedure, computer programming
12  instruction or code that: (1) Derives independent economic value, actual or
13  potential, from not being generally known to, and not being readily ascertainable
14  by proper means by the public or any other persons who can obtain commercial
15  or economic value from its disclosure or use; and (2) is the subject of efforts that
16  are reasonable under the circumstances to maintain its secrecy.

17

18                      PERMANENT INJUNCTION ORDER

19      The Court, having reviewed the parties' Stipulation, and good cause
20  appearing therefore, GRANTS the requested Permanent Injunction as follows:

21      IT IS ORDERED that, to the extent that any Defendant has retained copies
22  (electronic or otherwise) of, or has knowledge of Plaintiff's Trade Secrets and/or
23  Confidential Information, Defendant shall not directly or indirectly utilize,
24  disseminate, use, copy, transmit, publish, or otherwise disclose such Trade
25  Secrets and/or Confidential Information.

26      IT IS FURTHER ORDERED that Defendant shall not attempt to destroy
27  (unless authorized by Plaintiff to do so in writing) any of Plaintiff's Trade Secrets
28  and/or Confidential Information;

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

1    **IT IS FURTHER ORDERED** that Defendant shall not attempt to gain access
2    to Plaintiff's Trade Secrets and/or Confidential Information through any means,
3    including without limitation, via any VPN, creation of additional authorized users,
4    or use of any employee's access credentials or passwords; and

5    **IT IS FURTHER ORDERED** that Defendant shall not attempt to recreate,
6    copy, clone, or conceal any of Plaintiff's Trade Secrets and/or Confidential
7    Information that he can recall, or has in his possession, custody or control.

8    **IT IS FURTHER ORDERED** that Defendant shall not attempt, or cause or aid
9    anyone else to attempt or cause, to disrupt, access or interfere with the systems
10   or business operations of Parcel Pending or its agents and affiliates (including its
11   attorneys), in any way.  Defendant shall not undertake, or cause anyone else to
12   undertake, any malicious action against Plaintiff or its agents and affiliates
13   (including its attorneys), including but not limited to, any actions designed to
14   harass, disparage, or harm any person or entity, such as by way of a ransomware
15   attack or posting negative statements about them on Reddit or similar forums.

16   **IT IS FURTHER ORDERED** that, if Defendant is held to be in violation of this
17   Stipulated Judgment and Permanent Injunction Order, in addition to any other
18   penalties or consequences related to such violation, Defendant will pay Plaintiff
19   the full amount of attorney's fees and costs incurred by Plaintiff in this action,
20   including but not limited to the $54,277.18 incurred by Plaintiff up to the date of
21   this Order.

22   **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this
23   action for purposes of implementing, enforcing and adjudicating any other
24   dispute arising out of, or in connection with, the Settlement Agreement or this
25   Judgment and Order.

26   **IT IS FURTHER ORDERED** that this is a final judgment that resolves all
27   outstanding claims between the parties.

28   **IT IS SO ORDERED.** The Clerk is hereby directed to enter Judgment,

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8

1  pursuant to Rule 58(b)(2) of the Federal Rules of Civil Procedure.

2

3  Dated: _____          _____

4                                     UNITED STATES DISTRICT JUDGE

5

6  APPROVED AS TO FORM AND CONTENT THIS **20th** DAY OF OCTOBER,

7  2021

8  WEINTRAUB TOBIN CHEDIAK          DEFENDANT RYAN JOHANIDES
   COLEMAN GRODIN
9

10  */S/ Shauna N. Correia*
    Shauna N. Correia                Ryan Johanides
11  Jessica Corpuz
    475 Sansome St., Suite 510
12  San Francisco, CA 94111
    Tel: (415)772-9655
13  *Attorneys for Plaintiff Parcel Pending,*

14  *Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Document Ref: AMEE5-KXYAR-BEMNF-WN9Z8                                    Page 22 of 22